Xenia L. FILIPOS, Plaintiff,

v.

Ronald G. SIDOVAR, Defendant.

No. Civ.A. 99–1354.

United States District Court,
E.D. Pennsylvania.

Nov. 29, 1999.

Xenia L. Filipos, Bethlehem, PA, pro se.

Patricia D. Gugin, U.S. Attorneys Office, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff, Xenia Filipos, has sued Defendant, Ronald Sidovar, alleging sexual harassment. This case was properly removed to this Court under 28 U.S.C. § 1442(a)(1). Presently before the Court is Defendant's Motion for Summary Judgment. For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

On February 3, 1999, Xenia Filipos visited the office of the Social Security Administration (SSA) in Bethlehem, Pennsylvania. Ms. Filipos wished to discuss what she believed was a $45.50 discrepancy in her February 2, 1999 SSA check. Ms. Filipos first met SSA employee Barbara Seitzinger, who in turn asked Defendant Ronald Sidovar to meet with Ms. Filipos.

Ms. Filipos alleges that, during their discussion, Mr. Sidovar continued to "stare into the eyes of Xenia Filipos." Complaint at 3. Ms. Filipos alleges that Mr. Sidovar then leaned across his desk, "bringing his body very close to the body of Xenia Filipos." Id.

Mr. Sidovar, in turn, states that during the interview Ms. Filipos "became belligerent and in fact threatened to sue me." Affidavit of Ronald Sidovar at ¶ 5. He states that he "leaned half way over the [3 to 4 foot wide] desk and told her I was going to call the police." He states in his affidavit that "[a]t no time did I get any closer than two feet from her and at no time did I ever touch her." Id. at ¶ 6.

Plaintiff filed this action in the Court of Common Pleas for Northampton County. Defendant removed the case to this Court in accordance with 28 U.S.C. § 1442(a)(1).

## DISCUSSION

### I. Summary Judgment Standard

█ Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of fact, but to determine whether any factual issues exist to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir.1989) (citing Anderson, 477 U.S. at 249, 106 S.Ct. 2505). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

█ In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. Id. at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. J.F. Feeser, Inc. v. Serv–A–Portion, Inc., 909 F.2d 1524, 1531 (3d Cir.1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### II. Plaintiff's Failure to Respond to Defendant's Motion

█ Defendant's Motion was filed on September 30, 1999. Local Rule of Civil Procedure 7.1(c) requires Plaintiff to respond to Defendant's motion within 14 days. It has now been more than 45 days since Defendant's motion was filed. Accordingly, the Court will rule on Defendant's Motion in accordance with Federal Rule of Civil Procedure 56(e), which states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Because Plaintiff has not responded to Defendant's Motion, her statement of facts, and proof of her case, will need to be taken from her Complaint.

### III. The Parties Agree on the Material Facts

█ Plaintiff and Defendant agree that Plaintiff went to the SSA office on February 3, 1999, for the purpose of objecting to a $45.50 deduction from her February 2, 1999 social security check. Complaint at 3, Answer at ¶ 2. The parties further agree that Plaintiff wound up at Defendant's desk, and that after some discussion Defendant stood and leaned across his desk, but did not at any point touch Plaintiff. Complaint at 3–4, Answer at ¶ 3.

Admittedly it is not easy to determine whether there is any genuine issue of material fact in a case in which it is unclear exactly what cause of action Plaintiff is proceeding under. Having made its best effort, the Court determines that the

above-described facts seem to be the core allegations made by Plaintiff. These facts are all admitted by Defendant. Thus, the Court finds that there is no genuine issue of material fact, and in accordance with Fed.R.Civ.P. 56(c) now turns to the question of whether summary judgment is appropriate as a matter of law.

### IV. Defendant is Entitled to Judgment as a Matter of Law

Plaintiff's Complaint is titled "Complaint: Sexual Harassment." Her relief sought is:

> [i]n lieu of a Jail Term and Damages ... an order on Mr. Ronald G. Sidovar to engage himself in several years of in depth psycho-therapy, with a Psychiatrist/Psychoanalyst of his choice, and that he should report the name, address, and telephone number of the Psychiatrist/Psychoanalyst to the Court, with an ongoing report from the Psychiatrist/Psychoanalyst of the dates and year and clock hours of the visits to the Psychiatrist/Psychoanalyst.

Complaint at 6.

 Plaintiff does not clarify under which federal or state law she wishes to make her claim. However, it is "the Court's duty to construe pro se complaints liberally." *McKeithan v. Cox,* 1991 WL 157376 at *5 (E.D.Pa.1991). Accordingly, the Court has made an effort to find a legal basis for a sexual harassment claim under the facts alleged by the Plaintiff. The Court can identify two laws under which a sexual harassment claim could be made: 1) Title VII of the Civil Rights Act; or 2) the Pennsylvania Human Relations Act. *See* 42 U.S.C. §§ 2000e–1 – 2000e–17 (1999) and 43 PA.Stat. §§ 951–963 (1999). However, both of these claims are relevant only in an employment context, and Plaintiff was not an employee of the SSA, nor was she in any way supervised in an employment context by Defendant. The Court cannot find any legal basis for a sexual harassment claim in this case.

Accordingly, Defendant is entitled to judgment as a matter of law.

### CONCLUSION

There is no genuine issue of material fact in this case. Further, Defendant is entitled to judgment as a matter of law, because the Court cannot identify any cause of action for sexual harassment that fits the facts alleged by Plaintiff. Accordingly, summary judgment for the Defendant is appropriate.

An appropriate Order follows.

### ORDER

AND NOW, this 29th day of November, 1999, upon consideration of Defendant's Motion for Summary Judgment, and in accordance with the foregoing Memorandum, it is hereby ORDERED that Defendant's Motion is GRANTED. Summary judgment shall be entered in favor of Defendant, and Plaintiff's case shall be DISMISSED with prejudice.